IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REDBOX+ INTERNATIONAL, LLC, ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASTE MANAGEMENT SOLUTIONS, ) <br> INC. ) <br> ) <br>         Defendant. ) | CASE NO.: |

## COMPLAINT

Plaintiff RedBox+ International, LLC ("RBI") brings this action for breach of contract, trademark and trade dress infringement, and unfair competition against Defendant Waste Management Solutions, Inc. RBI seeks money damages and injunctive relief for Waste Management's breaches of the parties' Franchise Agreements, and for its continued and unauthorized use of RBI's trademarks and trade dress.

## PARTIES

1. Plaintiff RBI is a limited liability company organized under Michigan law. RBI's sole member is BELFOR Franchise Group, LLC. BELFOR Franchise Group, LLC's sole member is BELFOR (USA), Group, Inc., which is

-1-

incorporated under Colorado law with its principal place of business in Michigan. RBI is therefore a citizen of Colorado and Michigan.

2. Defendant Waste Management is a corporation organized under Florida law with its principal place of business at 10708 Tavistock Drive, Tampa, Florida 33626. Waste Management is a citizen of Florida, and can be served through its registered agent for service of process, Marco Alberto Fumei.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because there is complete diversity between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs. RBI is a citizen of Colorado and Michigan, and Waste Management is a citizen of Florida. *See* 28 U.S.C. § 1332.

4. This Court also has subject matter jurisdiction because RBI alleges claims under the federal Lanham Act, 15 U.S.C. §§ 1116(a), 1121. *See* 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over the parties because they have extensive contacts and business dealings in Florida, including the business transactions and operations alleged in this Complaint. The parties have purposefully transacted business in Florida, and Waste Management's Florida business operations in and around Tampa form the basis of RBI's claims against it.

6. Venue is proper in this District because Waste Management is headquartered in Tampa, and because the business operations forming the basis of this Complaint occurred in Tampa. *See* 28 U.S.C. § 1391(b).

## ALLEGATIONS

7. RedBox+ Franchising, LLC (a Pennsylvania LLC) and its affiliates were in the business of granting franchises to qualified persons. Franchisees contracted with RedBox+ Franchising, LLC for the right to own and operate redbox+ businesses, which offer the rental of roll-off dumpster containers and combination dumpster/portable toilets. Franchisees also contract for access to patented and proprietary redbox+ technology and business systems.

8. RedBox+ Franchising, LLC was the owner of the redbox+ trademark, service marks, and related marks. RedBox+ Franchising, LLC had the exclusive license to use and license others to use these marks and trade names, and had used them continuously since July 2017.

9. RedBox+ Franchising, LLC owned a federal registration for the mark "redbox+", U.S.P.T.O. Registration No. 4,596,529, which is in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065. RedBox+ Franchising, LLC also owned common law rights to its design mark.

10. The redbox+ trademarks and trade dress are used in interstate commerce.

-3-

11. Marco Alberto Fumei assented to and executed five Franchise Agreements with RedBox+ Franchising, LLC on April 24, 2019 (the "Franchise Agreements"), covering five contiguous territories. A true and correct copy of an operative and representative Franchise Agreement is attached at **Exhibit A**. Fumei's five Franchise Agreements are identical except for the territories they describe.

12. The Franchise Agreements govern Fumei's relationship with RedBox+ Franchising, LLC, and its successors and assigns, including RBI.

13. The Franchise Agreements granted Fumei licenses to use the redbox+ trade names, service marks, and trade dress, and to utilize RedBox+'s confidential and proprietary business methods and techniques.

14. On July 12, 2019, RedBox+ Franchising, LLC assented to and executed documents allowing Fumei to assign his contractual franchise interests to Waste Management, a new business entity. A true and correct copy of the Assignment and Consent to Transfer is attached as **Exhibit B**.

15. On June 30, 2021, RBI purchased RedBox+ Franchising, LLC's assets, including Waste Management's Franchise Agreements. Since then, it has filed for additional federal trademark registrations for the word mark "REDBOX+ DUMPSTERS," and the design mark for redbox+ Dumpsters, U.S.P.T.O. Serial Nos. 97/542892 and 97/561870. RBI has the authority to

enforce the Waste Management Franchise Agreements and redbox+ intellectual property rights.

## WASTE MANAGEMENT'S FRANCHISE AGREEMENT

16. Waste Management's Franchise Agreements required it to pay RBI initial franchise and equipment fees, plus royalties and other fees during the parties' franchise term.

17. The Franchise Agreements contain acknowledgements and agreements concerning the importance of maintaining RBI's procedures, methodology, and standards applicable to the operation of a redbox+ franchise.

18. The Franchise Agreements also contain acknowledgements and agreements concerning the importance of protecting RBI's proprietary trademarks and trade dress.

19. RBI had the right to terminate the Franchise Agreements upon Waste Management's breach of the agreements' terms or conditions, and following Waste Management's failure to cure the breach(es) after receiving a thirty-day right to cure notice:

> 9.4  **Termination Upon 30 Days' Notice to Cure**. Franchisor has the right to terminate this Agreement if Franchisee fails to perform or comply with any one or more of the terms or conditions of this Agreement, the Operations Manual, or any other agreements between Franchisee and Franchisor or Franchisor's affiliates, and Franchisee fails to cure such default within thirty (30) days after receiving written notice from Franchisor.

20. Upon any termination, the Franchise Agreements state that Waste Management must immediately cease all operations of the franchised

business, immediately discontinue the use of the proprietary marks, immediately surrender all items containing the proprietary marks, and sell to RBI or its designee all redbox+ equipment and inventory, among other duties. The Franchise Agreements also include a post-termination two year noncompete provision.

### WASTE MANAGEMENT'S DEFAULT AND TERMINATION

21. Waste Management breached its Franchise Agreements by failing and refusing to pay RBI equipment and franchise fees, among other breaches.

22. RBI sent Waste Management a Default Letter on December 8, 2022 and delivered on December 20, 2022. The Default Letter described Waste Management's defaults and gave it thirty-days to cure. A true and correct copy of the Default Letter is attached as **Exhibit C**.

23. Waste Management failed to cure its defaults.

24. RBI terminated Waste Management's Franchise Agreements on January 19, 2023. A true and correct copy of RBI's Termination Letter is attached as **Exhibit D**.

25. Despite the termination, Waste Management is continuing its business operations and wrongfully using the redbox+ trademarks, trade names, and trade dress. True and correct copies of correspondence from Waste

-7-

Management's owner about its continued business operations are attached as **Exhibit E**.

## COUNT I
## Breach of Contract

26. RBI incorporates the prior paragraphs.

27. RBI terminated Waste Management's Franchise Agreements for cause.

28. Waste Management continues its business operations, despite RBI's termination of the Franchise Agreements.

29. Waste Management's ongoing business operations breach the Franchise Agreements.

30. Waste Management's breaches caused and continue to cause RBI monetary damages and irreparable reputational and other damages.

WHEREFORE, Plaintiff, RedBox+ International, LLC, demands entry of a judgment in its favor and against Defendant, Waste Management Solutions, Inc., for the damages Waste Management caused by breaching the Franchise Agreements after their termination, plus interest, attorneys' fees, and taxable costs; providing injunctive relief ratifying and enforcing the termination of Waste Management's Franchise Agreements and directing Waste Management to comply with its post-termination obligations under the

Franchise Agreements; and providing such other and further relief as the Court deems necessary and proper.

## COUNT II
## Trademark Infringement

31. RBI incorporates the prior paragraphs.

32. Waste Management's use of the RBI's trademarks, trade names, and trade dress following the termination of its Franchise Agreements is likely to deceive or confuse the public into believing, contrary to fact, that its "redbox+" business operations are licensed, franchised, sponsored, authorized, or otherwise approved by RBI, or are in some other way connected to or affiliated with RBI. These unlicensed uses infringe RBI's exclusive rights in the redbox+ trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Waste Management's acts were done and are being done knowingly and intentionally to cause confusion, mistake, or to deceive, and to damage RBI and its authorized franchisees.

34. Waste Management's actions have caused and are continuing to cause RBI monetary damages and irreparable reputational and other damages.

WHEREFORE, Plaintiff, RedBox+ International, LLC, demands entry of a judgment in its favor and against Defendant, Waste Management Solutions, Inc., for the damages Waste Management caused by its trademark

infringement under § 35 of the Lanham Act, 15 U.S.C. § 1117, plus interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, taxable costs and attorney's fees incurred in this action pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; providing injunctive relief prohibiting Waste Management, and anyone acting through it, from using the RBI trademarks and trade name; and providing such other and further relief as the Court deems necessary and proper.

## COUNT III
## Trade Dress Infringement

35. RBI incorporates the prior paragraphs.

36. RBI's authorized franchisees are identified by signs, containers, exterior appearances, and other items on which the word "redbox+" appears in the same distinctive style and color schemes.

37. Waste Management is wrongfully using trade dress that is identical or confusing similar to RBI's trade dress. Waste Management's use of the trade dress constitutes a false designation and is likely to cause confusion, mistake, and/or deceive the public as to its affiliation with RBI. Waste Management's wrongful adoption of RBI's trade dress violates § 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

38. Waste Management's acts were done and are being done knowingly and intentionally to cause confusion, mistake, or to deceive, and to damage RBI and its authorized franchisees.

39. Waste Management's actions have caused and are continuing to cause RBI monetary damages and irreparable reputational and other damages.

WHEREFORE, Plaintiff, RedBox+ International, LLC, demands entry of a judgment in its favor and against Defendant, Waste Management Solutions, Inc., for the damages Waste Management caused by its trade dress infringement under § 35 of the Lanham Act, 15 U.S.C. § 1117, plus interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, taxable costs and attorney's fees incurred in this action pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; providing injunctive relief prohibiting Waste Management, and anyone acting through it, from using the RBI trade dress; and providing such other and further relief as the Court deems necessary and proper.

### COUNT IV
### Unfair Competition

40. RBI incorporates the prior paragraphs.

41. Waste Management's unauthorized use of the redbox+ trademarks, trade names, and trade dress outside the scope of its Franchise Agreements is likely to cause confusion, mistake, or deceive as to the origin,

sponsorship, or approval of its services and commercial activities. Waste Management's unauthorized use of the RBI trademarks and trade names violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

42. Waste Management's acts were done and are being done knowingly and intentionally to cause confusion, mistake, or to deceive, and to damage RBI and its authorized franchisees.

43. Waste Management's actions have caused and are continuing to cause RBI monetary damages and irreparable reputational and other damages.

WHEREFORE, Plaintiff, RedBox+ International, LLC, demands entry of a judgment in its favor and against Defendant, Waste Management Solutions, Inc., for the damages Waste Management caused by its unfair competition under § 35 of the Lanham Act, 15 U.S.C. § 1117, plus interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, taxable costs and attorney's fees incurred in this action pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; providing injunctive relief prohibiting Waste Management, and anyone acting through it, from engaging in unfair competition with RBI; and providing such other and further relief as the Court deems necessary and proper.

Respectfully submitted this 21st day of February, 2023.

-12-

>*/s/ Gennifer L. Bridges*
>Gennifer L. Bridges (FBN 0072333)
>Burr & Forman LLP
>200 S. Orange Avenue, Suite 800
>Orlando, FL 32801
>Tel.: (407) 540-6600
>Fax: (407) 540-6601
>gbridges@burr.com; nwmosley@burr.com; mjett@burr.com
>*Counsel for Plaintiff*