IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REDBOX+ INTERNATIONAL, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 8:23-CV-00393-CEH-SPF<br>) |
| WASTE MANAGEMENT SOLUTIONS, INC. | )<br>)<br>) |
| Defendant. | )<br>) |
| _____ | ) |

**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Redbox+ International, LLC ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 55(b)(2), hereby moves this Court for entry of a final judgment by default against the Defendant, Waste Management Solutions, Inc. ("Defendant"), and in support states:

1. On February 21, 2023, Plaintiff filed its Complaint against Defendant in this action. (Doc. 1.)

2. Plaintiff filed an Amended Complaint against Defendant on February 27, 2023. (Doc. 10.)

3. As alleged in the Amended Complaint, Plaintiff seeks a judgment against Defendant for breach of contract, trademark and trade dress

51473481 v1

infringement, and unfair competition stemming from Defendant's violations of the parties' Franchise Agreements.

4. Plaintiff moved for the entry of a preliminary injunction against Defendant on March 7, 2023. (Doc. 11.)

5. On April 13, 2023, Plaintiff filed its Motion for Entry of Clerk's Default (Doc. 18), and the Clerk entered a Default against Defendant on April 14, 2023 (Doc. 19).

6. The Court heard Plaintiff's Motion for Preliminary Injunction on April 26, 2023. Despite notice (Doc. 17), Defendant did not appear for the hearing. (Doc. 20.)

7. On May 15, 2023, Magistrate Flynn issued a Report and Recommendation, recommending that Plaintiff's Motion for Preliminary Injunction be granted. (Doc. 22.)

8. On June 23, 2023, Judge Honeywell entered an Order approving Magistrate Flynn's Report and Recommendation. (Doc. 24.)

9. The Court entered a Preliminary Injunction against Defendant on July 6, 2023. (Doc. 25.)

10. Despite being served with process in this action and repeatedly receiving service of the filings and orders in this case, Defendant failed to appear or otherwise defend against Plaintiff's claims.

11. As a result of the Clerk's Default, each and every allegation set forth in Plaintiff's Amended Complaint, which is incorporated herein by reference, is deemed admitted by Defendant. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 2009)) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'").

12. In each count of Plaintiff's Amended Complaint, Plaintiff requested injunctive relief,[1] as well as an award of attorneys' fees and costs.

## **Relief Available for Defendant's Contractual Breaches**

13. Plaintiff is entitled to permanent injunctive relief under the terms of the Franchise Agreements, which contain the following provisions:

> a. § 7.4.3 – "In the event of the actual or threatened breach of this Section 7.4 by Franchisee, any of its equity owners or any member of the immediate family of Franchisee, Franchisor shall be entitled to an injunction restraining such person from any such actual or threatened breach"

---

[1] Plaintiff also requested monetary relief. However, for purposes of simplifying matters and bringing this case to an efficient resolution, Plaintiff opts to seek only injunctive relief, attorneys' fees, and costs as the relief awarded in a final default judgment.

    (referencing the noncompetition provisions of § 7.4 of the Franchise Agreements);

  b. § 12.6 – "Nothing in this Agreement shall prevent Franchisor from obtaining injunctive relief, without posting a bond, against actual or threatened conduct that shall cause it loss or damages, in any appropriate forum under the usual equity rules, including the applicable rules of obtaining restraining orders and preliminary and permanent injunctions. If injunctive relief is granted, Franchisor's only remedy will be the court's dissolution of the injunctive relief."

(Doc. 11-2 at 22, 33.)

  14. In the approved Report and Recommendation, the Court determined that Plaintiff is substantially likely to succeed on its claim that Defendant breached its post-termination obligations under the Franchise Agreements. (Doc. 22 at 7.) Furthermore, due to its Default, Defendant admitted Plaintiff's well-pleaded allegations concerning Defendant's breaches of the Franchise Agreements.

  15. In light of Defendant's admitted breaches of the Franchise Agreements, Plaintiff is entitled to permanent injunctive relief against Defendant ratifying and enforcing the termination of the Franchise

Agreements and directing Defendant to comply with its post-termination obligations under the Franchise Agreements, including the cessation of Defendant's operations.

16. Furthermore, Defendant agreed that Plaintiff is entitled to recover its attorneys' fees and costs in the event that Plaintiff seeks to enforce its rights under the Franchise Agreements:

> a. § 4.4 – "If Franchisor engages an attorney to collect any unpaid amounts under this Agreement or any related agreement (whether or not formal judicial proceedings are initiated), Franchisee shall pay all reasonable attorneys' fees, court costs and collection expenses incurred by Franchisor. If Franchisee is in breach or default of any non-monetary material obligation under this Agreement or any related agreement, and Franchisor engages an attorney to enforce its rights (whether or not formal judicial proceedings are initiated), Franchisee shall pay all reasonable attorneys' fees, court costs and litigation expenses incurred by Franchisor."

(*Id.* at 10.)

17. The amount of Plaintiff's fees and costs are set forth in the Affidavit of Gennifer L. Bridges, Esq. (**Exhibit A** hereto) and the Affidavit of

Reasonableness of Attorneys' Fees by Jonathan Sykes, Esq. (**Exhibit B** hereto). Plaintiff seeks $12,038.58 in attorneys' fees and $484.75 in costs.

## Relief Available for Defendant's Lanham Act Violations

18.  In Count II (trademark infringement), Count III (trade dress infringement), and Count IV (unfair competition) of the Amended Complaint, Plaintiff alleged that Defendant violated multiple provisions of the Lanham Act. By virtue of its Default, Defendant admitted all of Plaintiff's well-pleaded allegations.

19.  Furthermore, in the approved Report and Recommendation, the Court found that "[t]he evidence establishing RBI's likelihood of success on its breach of contract claim likewise demonstrates its likelihood of success on its infringement and unfair competition claims." (Doc. 22 at 8.)

20.  Under 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief due to Defendant's Lanham Act violations.

21.  The facts establishing the grounds for entry of a permanent injunction against Defendant are contained in Plaintiff's Motion for Preliminary Injunction (Doc. 11) and the Affidavit of Melanie Parker attached thereto (Doc. 11-1), which are incorporated herein by reference.

22.  The permanent injunction against Defendant should provide that Defendant, and anyone acting through it, are precluded from using Plaintiff's trademarks and trade name.

23. In addition, Plaintiff is entitled to the recovery of its attorneys' fees and taxable costs pursuant to 15 U.S.C. § 1117(a).

24. This case meets the standard of an "exceptional case" for purposes of awarding attorneys' fees under the Lanham Act because it "'stands out from others with respect to the substantive strength of [Plaintiff's] litigating position (considering both the governing law and the facts of the case).'" *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014)).

25. As determined in the Report and Recommendation, Plaintiff demonstrated that it properly terminated the Franchise Agreements; owns a valid mark that it has an exclusive license to use and to license others to use, which Plaintiff has used continuously since July 2017; and owns trade dress that acquired secondary meaning after "authorizing hundreds of franchisees to use [its] distinctive trade dress and expending hundreds of thousands of dollars in advertising and promoting the redbox+ marks and dress." (Doc. 22 at 9-11.) Plaintiff "also presented undisputed evidence that Waste Management continues to use RBI's mark and trade dress after RBI properly terminated the Franchise Agreements," including by dumping the contents of a full redbox+ dumpster at a church and being involved in a hit-and-run accident in a redbox+ truck. (*Id.* at 11.) Furthermore, Plaintiff provided

evidence that Defendant's principal "admitted in emails to RBI that he intends to continue operating post-termination and – inexplicably – suggests his personal bankruptcy filing shields his company's infringing activities." (*Id.*) Finally, Defendant's "unauthorized use of RBI's mark and trade dress is likely to confuse consumers." (*Id.* at 12.)

26. Defendant never provided any evidence or arguments to counter the substantial evidence that Plaintiff presented, and Defendant's actions in infringing on Plaintiff's trademark and trade dress were blatant, extreme, and purposeful. The Court should therefore find that this matter meets the "exceptional case" standard set forth in *Octane Fitness* and *Tobinick* and award Plaintiff its attorneys' fees.

27. Alternatively, the Court should award Plaintiff its attorneys' fees incurred in bringing Counts II through IV of the Amended Complaint because those claims, and the fees associated therewith, are inextricably intertwined with the fees expended by Plaintiff in asserting its claim for breach of the Franchise Agreements. "Issues are 'inextricably intertwined' or involve a 'common core of facts' when 'work for one claim cannot be distinguished from work on other claims.'" *Kipu Sys. LLC v. Zencharts LLC*, No. 17-24733-Civ-WILLIAMS/TORRES, 2021 WL 1891710, at *13 (S.D. Fla. Apr. 6, 2021) (quoting *Miller v. Miller*, 107 So. 3d 430, 433 (Fla. 4th DCA 2012) and *Franzen v. Lacuna Gold Ltd. P'ship*, 717 So. 2d 1090, 1093 (Fla. 4th DCA 1998))

(internal quotations omitted); *see also Ambrose v. Citizens Nat'l Bank of Evans City*, 5 A.3d 413, 420 (Pa. Super. Ct. 2010)[2] (finding that issues were "sufficiently intertwined to permit [court] to levy attorneys' fees for both aspects of the litigation"). Here, the same circumstances that gave rise to Plaintiff's breach of contract claim—namely, Defendant's continued operation and use of Plaintiff's trademark and trade dress after termination of the Franchise Agreements—also establish Plaintiff's Lanham Act claims. Therefore, even if the Court finds that this is not an "exceptional case" for purposes of awarding attorneys' fees under the Lanham Act, the Court should find that Plaintiff is nevertheless entitled to recover all of its attorneys' fees under the contractual provisions of the Franchise Agreements.

## Conclusion

Defendant is defaulted for failure to appear or otherwise defend against Plaintiff's claims, and as a result, Defendant admitted all well-pleaded allegations of Plaintiff's Amended Complaint. Furthermore, Plaintiff provided evidence in the form of the Affidavit of Melanie Parker demonstrating Defendant's breaches of the Franchise Agreements and violations of the Lanham Act. Plaintiff is therefore entitled to the entry of a default final

---

[2] The Franchise Agreements are governed by Pennsylvania law.

judgment against Defendant, awarding Plaintiff permanent injunctive relief against Defendant and its prevailing party attorneys' fees and costs.

**WHEREFORE,** Plaintiff, Redbox+ International, LLC, respectfully requests this Court: (i) enter an order granting this Motion for Default Final Judgment against Defendant Waste Management Solutions, Inc.; (ii) enter final judgment permanently enjoining Defendant, ratifying and enforcing the termination of the Franchise Agreements, directing Defendant to comply with its post-termination obligations under the Franchise Agreements, prohibiting Defendant from continuing to operate and from using Plaintiff's trademarks and trade dress, and awarding Plaintiff its prevailing party attorneys' fees in the amount of $12,038.58 and costs in the amount of $484.75; and (iii) provide such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of September, 2023.

>*/s/ Gennifer L. Bridges*
>Gennifer L. Bridges (FBN 0072333)
>Burr & Forman LLP
>200 South Orange Avenue, Suite 800
>Orlando, Florida 32801
>Tel.: (407) 540-6600
>Fax: (407) 540-6601
>Primary Email: gbridges@burr.com
>Secondary Email: nwmosley@burr.com; mjett@burr.com
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2023, I served a true and correct copy of the foregoing via U.S. Mail on Waste Management Solutions, Inc., c/o Marco Fumei, 10708 Tavistock Dr., Tampa, FL 33262.

*/s/ Gennifer L. Bridges*
Gennifer L. Bridges (FBN 0072333)